# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

December 26, 2006

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 27 2006

GREGORY C. LANGHAM
CLERK

Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3589

Re:    05-1107, Mesa Oil, Inc. v. United States
       Dist/Ag docket:  03-F-1677(PAC)

Dear Clerk:

Enclosed are a certified copy of the judgment and a copy of the opinion filed in this case which are issued as the mandate of this court. See Fed. R. App. P. 41(a). Please file it in records of your court or agency.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By:
Deputy Clerk

clk:klp

cc:    Kevin A. Planegger
       Theodore H. Merriam
       Rickey Watson
       Paula K. Speck
       John A. Nolet
       Teresa E. McLaughlin
       Eileen J. O'Connor, Asst. Atty. General
       William J. Leone

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

MESA OIL, INC.,

    Plaintiff - Appellant,

v().

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 05-1107
(D.C. No. 03-F-1677 (PAC))

JUDGMENT

Filed October 31, 2006

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit

By _____
Deputy Clerk

Before **LUCERO, SEYMOUR,** and **O'BRIEN,** Circuit Judges.

This case originated in the District of Colorado and was argued by counsel.

It is the judgment of the court that the appeal is dismissed for lack of jurisdiction..

Entered for the Court
CLERK, COURT OF APPEALS

by: _____
Deputy Clerk

**FILED**
United States Court of Appeals
Tenth Circuit

October 31, 2006

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

MESA OIL, INC.,

    Plaintiff-Appellant,

v.                                                No. 05-1107

UNITED STATES OF AMERICA,

    Defendant-Appellee.

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 03-F-1677 (PAC))**

Theodore H. Merriam (Kevin A. Planegger with him on the briefs), Merriam Law Firm, P.C., Denver, Colorado, for Plaintiff-Appellant.

Teresa E. McLaughlin, Attorney, Tax Division (Eileen J. O'Connor, Assistant Attorney General; and John A. Nolet, Attorney, Tax Division, with her on the brief), Department of Justice, Washington, D.C., for Defendant-Appellee.

Before **LUCERO**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.

**SEYMOUR**, Circuit Judge.

Mesa Oil, Inc. ("Mesa") appeals from the partial judgment of the district court upholding the Internal Revenue Service ("IRS") Appeals Office's denial of Mesa's request for abatement of financial penalties. The district court also ordered a remand to the Appeals Officer for reconsideration of Mesa's request for an alternative payment plan to repay its delinquent taxes and penalties. We dismiss the appeal for lack of jurisdiction.

I

Mesa failed to pay federal employment taxes for three fiscal quarters in 2002 and corporate income taxes for the year 2001. After the IRS expressed its intent to satisfy unpaid taxes and penalties via a levy on its corporate assets, Mesa initiated a collection due process ("CDP") hearing with the Rocky Mountain Appeals Office of the IRS. At the CDP hearing, Mesa asserted it was entitled to penalty abatement for reasonable cause. It also argued it should be permitted to pay in installments or be afforded additional time to arrange financing sufficient to satisfy its tax liabilities. The Appeals Officer concluded Mesa was not entitled to penalty abatement and rejected its request for an alternative payment plan.

Mesa appealed the Appeal Officer's decision to the district court. On cross-motions for summary judgment, the district court issued a judgment and remand order on January 31, 2005 affirming the Appeals Officer's denial of Mesa's request for penalty abatement and reversing and remanding to the

Appeal's Officer for further consideration of Mesa's alternative collection request. Mesa filed a notice of appeal to this court seeking review of the district court's decision upholding the Appeals Officer's denial of a penalty abatement. Mesa does not, of course, seek review of the district court's order in its favor remanding payment issues to the Appeals Officer.

## II

This court has jurisdiction to entertain appeals from "final decisions of the district courts." 28 U.S.C. § 1291. To be final, a decision ordinarily "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 204 (1999) (quotations and citations omitted). "The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequences, but a single controversy." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1968) (quotations and citations omitted).

In general, a "decision to remand is not a resolution of the controversy on its merits," and is not a final decision. *Loffland Bros., Co. v. Rougeau*, 655 F.2d 1031, 1032 (10th Cir. 1981). The district court's bifurcated order here, determining one issue but remanding Mesa's alternative payment request, is

clearly not a final decision ending the litigation on the merits and it therefore does not fall within the ordinary application of the jurisdictional grant of 28 U.S.C. § 1291.

Neither party disputes the interlocutory nature of this appeal. Instead, both assert we have jurisdiction under the collateral order doctrine, claiming the penalty abatement issue may become effectively unreviewable if we do not consider it at this time. In a "small class" of cases, we have jurisdiction over interlocutory appeals from non-final orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). A case fits within this discrete subset of interlocutory orders when the appeal meets the three requirements of the collateral order doctrine. First, "the order must conclusively determine the disputed question;" second, it must "resolve an important issue completely separate from the merits of the action;" and third, it must be "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468 (footnote omitted). "The conditions are 'stringent,' and unless they are kept so, the underlying doctrine will overpower the substantial finality interests § 1291 is meant to further . . . ." *Will v. Hallock*, 126 S. Ct. 952, 957 (2006). A district court order that "fails to satisfy any one of [the *Cohen*]

-4-

requirements" is not reviewable under the collateral order doctrine. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988).

Because we conclude Mesa does not meet the third requirement of the *Cohen* doctrine, we bypass an analysis of the first two prongs. *See Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 498 (1989) ("[W]e need not decide whether an order [meets the first two requirements,] for the District Court's orders fail to satisfy the third requirement of the collateral order test."). The collateral order doctrine's third prong requires that the district court order be "effectively unreviewable" in order to trigger the extension of appellate jurisdiction to an interlocutory appeal. The Supreme Court has consistently "reiterated the general rule that an order is effectively unreviewable only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Id.* at 498-99 (quotations and citations omitted). The costs of unnecessary litigation caused by what eventually turns out to be an error by the district court is insufficient to warrant an interlocutory appeal. *Id.* at 499. Rather, the Court has "insisted that the right asserted be one that is essentially destroyed if its vindication must be postponed until trial is completed." *Id.*

The unreviewability requirement promotes judicial efficiency by restricting the application of the collateral order doctrine and limiting our acceptance of cases where future, successive appeals are possible. In adherence to the broader

finality requirement and the stringent nature of the collateral order doctrine, we are required to abstain from review of an individual issue until the entire case is complete in order to prevent piecemeal appeals. *Coopers & Lybrand*, 437 U.S. at 468 n.8 (quoting *Cobbledick v. United States*, 309 U.S. 323, 325 (1940)).

The determinative question for finding jurisdiction in this case is whether the district court's ruling on penalties will be effectively unreviewable following the Appeal Officer's resolution of the manner of payment. Without citing any authority, both parties express concern that if Mesa prevails on remand on the payment matter, it will be precluded from obtaining review of the penalty abatement decision. This is clearly not the case. *See State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co., Inc.)*, 905 F.2d 1362 (10th Cir. 1990). In *Bucyrus*, the district court reversed a determination by the bankruptcy court that a secured creditor had priority over customers of the debtor, and remanded for a determination of the value of the customers' claims. Following the bankruptcy court's valuation decision on remand, the secured creditor attempted to bypass the district court by appealing that court's earlier adverse priority determination directly to this court. We held that the district court's partial remand order was not a final order because the court remanded to the bankruptcy court for "significant further proceedings." *See id.* at 1366. We further held that "the proper procedural course for the [secured creditor] is to appeal the bankruptcy court's decision on remand to the district court first. Then, if the district court

rules unfavorably, the [secured creditor] could appeal to this court." *Id.* at 1367. The creditor in *Bucyrus* was thus instructed to first raise in district court any outstanding issues after the remand and then, if needed, in a later appeal to this court. As *Bycyrus* suggests, a decision generated coincident to a remand decision retains a viable path of review following a ruling on remand. *See also Lakes Pilots Ass'n,, Inc. v. United States Coast Guard*, 359 F.3d 624, 625 (D.C. Cir. 2004) ("[Appellants] will still be aggrieved by the outcome [after the decision on remand] . . . and thus will be able again to seek judicial review, including review in the court of appeals, raising not only new issues but all those on which it got no satisfaction in its original challenge."); *Howell v. Schweiker*, 699 F.2d 524, 526 (11th Cir. 1983) (Appeal dismissed for lack of jurisdiction, the court stating "[a]ny legal ruling made in the present order can be reviewed effectively after the remand.").

Both parties cite *Sullivan v. Finkelstein*, 496 U.S. 617 (1990), to support our exercise of jurisdiction over this appeal. Although the Supreme Court in *Finkelstein* found appellate jurisdiction over a partial remand order was proper, the Court's legal support for finality and appellate review derived from specific statutory language in 42 § U.S.C. 405(g) of the Social Security Act. *See Finkelstein*, 496 U.S. at 625 ("such a remand order is a 'judgment' in the terminology of § 405(g)"). *See also Forney v. Apfel*, 524 U.S. 266, 270 (1998) ("[*Finkelstein*] reasoned primarily from the language of § 405(g), that a district

-7-

court judgment remanding a Social Security disability benefit case" was appealable.). In this case, we are reviewing a district court judgment that received its jurisdictional grant from 26 U.S.C. § 6330(d)(1)(B) of the Internal Revenue Code, not from § 405 of the Social Security Act. Because *Finkelstein*'s justification for review was grounded in the statutory language of § 405(g), and § 405(g) has no relevance to the present case, the Court's holding in *Finkelstein* does not support a present exercise of jurisdiction.

The availability of review after remand also distinguishes this case from the more common application of the collateral order doctrine to appeals in administrative actions by the *government*. As we noted in *Bender v. Clark*, 744 F.2d 1424, 1428 (10th Cir. 1984), for example, "because the government in such a case has no avenue for obtaining judicial review of its *own* administrative decisions, it may well be foreclosed from again appealing the district court's determination at any later stage of this proceeding." *See also Occidental Petroleum Corp., v. SEC*, 873 F.2d 325, 332 (D.C. Cir. 1989) (finding jurisdiction where after remand SEC "will not be able to appeal its own decision"); *Stone v. Heckler*, 722 F.2d 464, 467 (9th Cir. 1983) (finding jurisdiction because Secretary of Health and Human Services would not be able to appeal following a decision on remand).

The district court's affirmation of penalties and remand on payment issues was in this case does not similarly satisfy the requirements of the collateral order

doctrine. Consequently, Mesa must follow the procedural course outlined in *Bucyrus* and await the appeal on its penalty decision until completion of the remanded proceedings. By forgoing review until the Appeals Officer resolves the payment issue, we avoid the undesirable possibility of multiple, piecemeal appeals. Because the penalty decision is reviewable upon conclusion of the remanded proceedings irrespective of who prevails upon the payment issue, the collateral order doctrine does not shelter Mesa's interlocutory appeal from the finality requirement.

Accordingly, this appeal is **DISMISSED** for a lack of jurisdiction.